FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 17, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EDDIE LOUIS SMITH, III,<br><br>Plaintiff,<br><br>v.<br><br>DONALD HOLBROOK, Superintendent, WSP, in his individual and official capacities; ALISA RIDENOUR, mailroom employee, WSP, in her individual and official capacities; SAMMI MUELKE, mailroom employee, WSP, in his individual and official capacities; ROY GONZALEZ, Headquarters Correctional Manager, DOC, in his individual and official capacities; GARY BOHON, Publication Review Committee Chairperson, DOC, in his individual and official capacities; NORM CALDWELL, Publication Review Committee member, DOC, in his individual and official capacities; LAURA SHERBO, Publication Review Committee member, DOC, in her individual and official capacities; ROBERT HERZOG, Assistant Secretary for Prisons, DOC, in his | NO: 4:18-CV-5108-RMP<br><br>ORDER DENYING PLAINTIFF'S PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR PROTECTIVE ORDER |

ORDER DENYING PLAINTIFF'S PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR PROTECTIVE ORDER ~ 1

| | |
|---|---|
| 1<br>2<br>3<br>4 | individual and official capacity;<br>STEVEN SINCLAIR, Secretary,<br>DOC, in his individual and official<br>capacities; and Sergeant Jeff Porter,<br>Mailroom Sgt., WSP, in his<br>individual and official capacities, |
| 5 | Defendants. |

BEFORE THE COURT are two motions filed by *pro se* Plaintiff Eddie Louis Smith, III. Mr. Smith is an inmate in the Washington State Penitentiary located in Walla Walla, Washington. In his first motion, Mr. Smith asks the Court for a writ of habeas corpus ad testificandum to appear in civilian clothes at trial at this Court, which is scheduled to begin on October 15, 2019. ECF No. 51. In his second motion, Mr. Smith asks the Court for a protective order or a preliminary injunction directing Defendants to return Mr. Smith's legal property, to which he lost access when he was moved into a maximum-security unit. ECF No. 52. The Court has considered the briefing and the record, and is fully informed.

Mr. Smith's first motion for a writ of habeas corpus ad testificandum is premature. His trial is not set to start for another six months. Additionally, there is a chance that Mr. Smith's case will be resolved before the trial begins. For these reasons, the Court denies Mr. Smith's first motion, with leave to renew within two months before the scheduled trial date. If this case does proceed to trial, the Court will order that Mr. Smith be allowed to appear in civilian clothes at trial.

Mr. Smith's second motion is for a protective order or a preliminary injunction. ECF No. 52. To succeed in securing a preliminary injunction, the moving party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In the Ninth Circuit, courts weigh these factors "on a sliding scale, such that where there are only serious questions going to the merits—that is, less than a likelihood of success on the merits—a preliminary injunction may still issue so long as the balance of hardships tips *sharply* in the plaintiff's favor and the other two factors are satisfied." *Short v. Brown*, 893 F.3d 671, 675 (9th Cir. 2018) (internal quotations omitted) (emphasis in original).

Preliminary injunctive relief is even more constrained in cases concerning prison administration or prison conditions. Under the Prison Litigation Reform Act, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Additionally, "[t]he court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief." *Id.* "Prison administration is, moreover, a task that has been committed to the responsibility of [separate government] branches, and separation of powers

concerns counsel a policy of judicial restraint." *Turner v. Safley*, 482 U.S. 78, 85 (1987).

Mr. Smith seeks a preliminary injunction ordering the prison to send Mr. Smith's legal materials to his new housing unit in Intensive Management Unit ("IMU") South, which is a maximum-security unit. ECF No. 52. Mr. Smith states that he was moved to the unit after an incident that took place in the general population unit. *Id.* at 2. Defendants state through the declaration of an Administrative Assistant for the prison in which Mr. Smith is housed that Mr. Smith was moved to IMU South because he was involved in a multi-inmate fight.. ECF No. 56 at 2. Additionally, the Administrative Assistant attests that Mr. Smith still has had access to the law library and has been allowed to file six different pleadings and motions since his transfer to IMU South. *Id.* Defendants also claim that Mr. Smith will have access to his property once the transfer process to his new unit is completed. ECF No. 55 at 4–5.

Considering these facts, the Court finds that Mr. Smith has not met his burden in proving the necessity of a preliminary injunction. Therefore, the Court denies Mr. Smith's second motion, with leave to renew if he has not received his property within sixty days of this order.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Writ of Habeas Corpus ad Testificandum, **ECF No. 51**, is **DENIED**.

2. Plaintiff's Motion for Protective Order or Preliminary Injunction, **ECF No. 52**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to Mr. Smith and to Defendants' counsel.

**DATED** April 17, 2019.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge